# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| TODD ALBRIGO, *individually and on behalf of all others similarly situated*,<br><br>                                Plaintiff,<br><br>v.<br><br>BISSELL HOMECARE, INC.,<br><br>                                Defendant. | Case No.  25-cv-1390-BJC-JLB<br><br>**ORDER GRANTING DEFENDANT'S MOTION TO DISMISS FOR LACK OF SUBJECT MATTER JURISDICTION**<br><br>**[ECF No. 15]** |
|---|---|

On June 2, 2025, Plaintiff Todd Albrigo initiated this putative class action against Defendant Bissell Homecare, Inc. ("Bissell"). ECF No. 1 ("Compl."). Bissell now moves under Federal Rule of Civil Procedure 12(b)(1) to dismiss Plaintiff's Complaint. ECF No. 15. Plaintiff has filed an opposition to Bissell's motion, to which Bissell replied. ECF Nos. 16, 17. For the reasons set forth below, Bissell's motion to dismiss is **GRANTED**.

## I.    BACKGROUND[1]

On July 13, 2024, Plaintiff purchased a Bissell Crosswave Pet Pro All in One Wet Dry Vacuum Cleaner and Mop (the "Vacuum"). Compl. ¶ 12. He purchased the Vacuum

---

[1] Unless otherwise noted, the Court's citations are to the page numbers affixed by the CM/ECF.

for $301.67 plus tax and ordered it to be delivered to his home in San Diego, California. *Id.* The Vacuum shipped on July 26, 2024. *Id.*

Plaintiff maintains that Bissell's products, including the Vacuum, are covered by a "limited warranty" spanning three years from the date of purchase. *Id.* ¶¶ 13, 15. According to Plaintiff, however, the limited warranty does not comply with California law, which requires express warranties to run from the date of delivery. *Id.* ¶¶ 1, 16. As a result, Plaintiff contends that he and other consumers were "short-changed the full value of their warranties." *Id.* ¶ 3.

Plaintiff brings this action individually and on behalf of all consumers in California who purchased a Bissell product that was delivered after the date of purchase and was accompanied by an express warranty beginning on the date of purchase. *Id.* ¶¶ 20–21. He presses two claims: (1) violation of California's Song-Beverly Consumer Warranty Act, Cal. Civ. Code § 1794 ("Song-Beverly Act"); and (2) violation of California's Unfair Competition Law, Cal. Bus. & Prof. Code § 17201 *et seq.* ("UCL").

## II.   LEGAL STANDARD

Article III, Section 2 of the Constitution limits federal courts to hearing "actual cases or controversies." *Spokeo, Inc. v. Robins*, 578 U.S. 330, 337 (2016), *as revised* (May 24, 2016). This limitation means the plaintiff must have standing to sue. *Id.* at 338. To establish standing, a plaintiff must demonstrate the "irreducible constitutional minimum" of: (1) an injury in fact via "an invasion of a legally protected interest which is (a) concrete and particularized, and (b) actual or imminent, not conjectural or hypothetical"; (2) causation or traceability—that the injury is "fairly traceable to the challenged action of the defendant"; and (3) redressability—that it is "likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision." *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560–61 (1992) (internal citations and quotations omitted). "Each element of standing 'must be supported . . . with the manner and degree of evidence required at the successive stage of the litigation.'" *Maya v. Centex Corp.*, 658 F.3d 1060, 1068 (9th Cir. 2011) (quoting *Lujan*, 504 U.S. at 561).

25-cv-1390-BJC-JLB

A motion to dismiss for lack of standing is brought pursuant to Federal Rule of Civil Procedure 12(b)(1). *See Chandler v. State Farm Mut. Auto. Ins. Co.*, 598 F.3d 1115, 1122 (9th Cir. 2010) (noting that "[b]ecause standing and ripeness pertain to federal courts' subject matter jurisdiction, they are properly raised in a Rule 12(b)(1) motion to dismiss"). Such a motion can be facial or factual in nature. *Pride v. Correa*, 719 F.3d 1130, 1139 (9th Cir. 2013); *Warren v. Fox Family Worldwide, Inc.*, 328 F.3d 1136, 1139 (9th Cir. 2003) (explaining that pursuant to Rule 12(b)(1), a party may seek dismissal of an action for lack of subject matter jurisdiction "either on the face of the pleadings or by presenting extrinsic evidence"); *see also White v. Lee*, 227 F.3d 1214, 1242 (9th Cir. 2000). "In a facial attack, the challenger asserts that the allegations contained in a complaint are insufficient on their face to invoke federal jurisdiction." *Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004). In ruling on a Rule 12(b)(1) motion attacking the complaint on its face, the Court accepts the allegations of the complaint as true. *See, e.g.*, *Wolfe v. Strankman*, 392 F.3d 358, 362 (9th Cir. 2004). "By contrast, in a factual attack, the challenger disputes the truth of the allegations that, by themselves, would otherwise invoke federal jurisdiction." *Safe Air*, 373 F.3d at 1039. "With a factual Rule 12(b)(1) attack . . . a court may look beyond the complaint to matters of public record without having to convert the motion into one for summary judgment. It also need not presume the truthfulness of the plaintiff['s] allegations." *White*, 227 F.3d at 1242 (internal citation omitted); *see also Thornhill Pub. Co., Inc. v. General Tel & Electronics Corp.*, 594 F.2d 730, 733 (9th Cir. 1979) ("Where the jurisdictional issue is separable from the merits of the case, the judge may consider the evidence presented with respect to the jurisdictional issue and rule on that issue, resolving factual disputes if necessary. . . '[N]o presumptive truthfulness attaches to plaintiff's allegations, and the existence of disputed material facts will not preclude the trial court from evaluating for itself the merits of jurisdictional claims.'") (quoting *Mortensen v. First Fed. Sav. & Loan Ass'n*, 549 F.2d 884, 891 (9th Cir. 1977)). "However, where the jurisdictional issue and substantive issues are so intertwined that the question of jurisdiction is dependent on the resolution of factual issues going to the merits, the

25-cv-1390-BJC-JLB

jurisdictional determination should await a determination of the relevant facts on either a motion going to the merits or at trial." *Augustine v. U.S.*, 704 F.2d 1074, 1077 (9th Cir. 1983). It is the plaintiff who bears the burden of demonstrating that the Court has subject matter jurisdiction to hear the action. *See Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 377 (1994); *Stock West, Inc. v. Confederated Tribes*, 873 F.2d 1221, 1225 (9th Cir. 1989).

### III.   DISCUSSION

Bissell attacks the Court's subject matter jurisdiction both facially and factually. ECF No. 15 at 5. According to Bissell, Plaintiff lacks standing to sue as he does not allege he suffered an injury in fact and, alternatively, was not injured at all. *Id.* Plaintiff disagrees, arguing he has sustained an economic injury. *See* ECF No. 16.

### A. Facial Challenge

Bissell first argues that Plaintiff lacks Article III standing because he fails to plead he suffered an injury in fact. ECF No. 15 at 9–12. Because this is a facial attack on the Court's subject matter jurisdiction, the Court resolves this challenge "as it would a motion to dismiss under Rule 12(b)(6): Accepting the plaintiff's allegations as true and drawing all reasonable inferences in the plaintiff's favor, the court determines whether the allegations are sufficient as a legal matter to invoke the court's jurisdiction." *Leite v. Crane Co.*, 749 F.3d 1117, 1121 (9th Cir. 2014). To establish Article III standing, a plaintiff must show: (1) an injury in fact, (2) traceability, and (3) redressability. *Lujan*, 504 U.S. at 560. "[A] plaintiff must demonstrate standing separately for each form of relief sought." *Friends of the Earth, Inc. v. Laidlaw Environmental Services (TOC), Inc.*, 528 U.S. 167, 185 (2000). This is true "whether it be injunctive relief, damages or civil penalties." *Bates v. UPS*, 511 F.3d 974, 985 (9th Cir. 2007). In the absence of standing, there is no subject matter jurisdiction. *See Bender v. Williamsport Area Sch. Dist.*, 475 U.S. 534, 546–47 (1986) (citing *Mansfield C. & L.M.R. Co. v. Swan*, 111 U.S. 379, 382 (1884)).

25-cv-1390-BJC-JLB

> The party invoking federal jurisdiction bears the burden of establishing these elements. Since they are not mere pleading requirements but rather an indispensable part of the plaintiff's case, each element must be supported in the same way as any other matter on which the plaintiff bears the burden of proof, *i.e.*, with the manner and degree of evidence required at the successive stages of the litigation.

*Lujan*, 504 U.S. at 561 (internal citations omitted).  "Where, as here, a case is at the pleading stage, the plaintiff must 'clearly . . . allege facts demonstrating' each element." *Spokeo*, 578 U.S. at 338 (quoting *Warth v. Seldin*, 422 U.S. 490, 518 (1975)).

"[I]njury in fact, [is] the first and foremost of standing's three elements." *Spokeo*, 578 U.S. at 338–39 (internal quotation and citation omitted).  "To establish injury in fact, a plaintiff must show that he or she suffered 'an invasion of a legally protected interest' that is 'concrete and particularized' and 'actual or imminent, not conjectural or hypothetical.'" *Id.* at 339 (quoting *Lujan*, 504 U.S. at 560).  "For an injury to be 'particularized,' it 'must affect the plaintiff in a personal and individual way.'" *Id.* (quoting *Lujan*, 504 U.S. at 560 n.1).  While particularization is necessary to establish injury in fact, it alone is not sufficient. *Id.*  An injury must also be "concrete." *Id.*  "A 'concrete' injury must be '*de facto*'; that is, it must actually exist." *Id.*

Bissell maintains that Plaintiff's allegation of a technical violation of the Song-Beverly Act is not sufficient to confer Article III standing.  ECF No. 15 at 9.  The Court agrees in principle that allegations of a "mere technical violation" of a statute may be insufficient in isolation to confer Article III standing. *Cf. Robins v. Spokeo, Inc.*, 867 F.3d 1108, 1117 (9th Cir. 2017) (finding in the context of an alleged Fair Credit Reporting Act ("FCRA") violation that "the inaccuracies alleged in this case do not strike us as the sort of 'mere technical violation[s]' which are too insignificant to present a sincere risk of harm to the real-world interests that Congress chose to protect with FCRA") (quoting *In re Horizon Healthcare Servs. Data Breach Litig.*, 846 F.3d 625, 638 (3d Cir. 2017)); *see also Atkinson v. Aaron's LLC*, 733 F. Supp. 3d 1056, 1070 (W.D. Wash. 2024) (finding in the context of an Equal Pay and Opportunities Act case that the mere allegation that a job

25-cv-1390-BJC-JLB

posting lacks compensation information is a technical violation that does not by itself manifest concrete injury sufficient to confer standing).  But here, Plaintiff's theory of standing is not wholly reliant on a mere technical violation of the Song-Beverly Act.  True, Plaintiff does not allege that his Vacuum broke or was otherwise defective.  For that reason, he also does not plead that he submitted a claim to Bissell pursuant to the limited warranty, or that he was denied coverage under the warranty.  That said, Plaintiff's theory here is that he was denied the full benefit of the three-year warranty.  In other words, Plaintiff contends that he suffered an economic loss in value of the warranty during the days in between his purchase of the Vacuum and its delivery.  ECF No. 16 at 11.

According to the Complaint, Plaintiff purchased the Vacuum on July 13, 2024. Compl. ¶ 12.  Although Plaintiff does not plead when it was delivered, he maintains the Vacuum shipped on July 26, 2024.  *Id.*  As such, Plaintiff plausibly alleges that the Vacuum's delivery date was at least thirteen days after the date of purchase.  Moreover, Plaintiff alleges that the warranty on the Vacuum ran from the date of purchase, not the date of delivery.  *Id.* ¶ 13.  Thus, Plaintiff pleads that he was denied the economic benefit of the Vacuum's warranty for the some-thirteen days between its purchase and delivery. *Id.* ¶¶ 14, 41.

There is a split of authority on the issue whether a partial denial of the full economic benefit of a warranty constitutes an injury in fact sufficient for Article III standing purposes.  In *Kalcheim v. Apple, Inc.*, No. 2:16-cv-09324-ODW(RAO), 2017 U.S. Dist. LEXIS 127332, at *2 (C.D. Cal. Aug. 10, 2017), the plaintiff alleged he received his product four days after the warranty began.  Similarly, the plaintiff in *Tevis v. Dyson Direct, Inc.*, No. 2:25-cv-00821-DJC-AC, 2025 U.S. Dist. LEXIS 145185, at *2 (E.D. Cal. July 29, 2025), pleaded her product was delivered eight days after her purchase.  In both *Ferrer v. Sharkninja Operating LLC*, No. 25-cv-00535-DMS-KSC, 2026 U.S. Dist. LEXIS 5010, at *2 (S.D. Cal. Jan. 9, 2026) and *Beven v. Loud Audio, LLC*, No. CV 25-4352 FMO (SKx), 2025 U.S. Dist. LEXIS 232812, at *2 (C.D. Cal. Nov. 25, 2025), the plaintiffs pleaded their products were delivered five days after purchase.  And in *Itzhak v. Keurig*

25-cv-1390-BJC-JLB

*DR Pepper, Inc.*, No. 8:25-cv-00235-KES, 2025 U.S. Dist. LEXIS 114119, at *2 (C.D. Cal. June 11, 2025), the plaintiffs alleged that that their products were delivered varying periods of time after their purchases and as a result, the district court concluded they "allege[d] facts sufficient to show that their warranty period was, in fact, shortened by two days or more."  In all of these cases, the district courts found that "shorting" a warranty constitutes economic injury.  However, as Bissell points out, there are three district court cases within the Ninth Circuit that have reached the opposite conclusion.  *See Borowsky v. Hamilton Beach Brands, Inc.*, 788 F. Supp. 3d 1092, 1094 (N.D. Cal. 2025); *Kolar v. Nespresso USA, Inc.*, No. CV 24-11235-GW-ASX, 2025 WL 1717279, at *3 (C.D. Cal. June 13, 2025); *Jones v. Harman Int'l Indus.*, No. EDCV 25-1173 JGB (SHKx), 2025 U.S. Dist. LEXIS 194978, at *7 (C.D. Cal. Sep. 30, 2025).

The Court is persuaded by the line of cases that followed *Kalcheim*.  As the Court in *Itzhak* explained:

> It is intuitive that a one-year warranty is worth more than a six-month warranty, even if the buyer never makes a warranty claim. While the difference in value between a coffeemaker with a 365-day warranty versus a coffeemaker with a 363-day warranty may be very small, Plaintiff Solorzano has alleged facts sufficient to show that he suffered that economic injury.

*Itzhak*, 2025 U.S. Dist. LEXIS 114119, at *14.

Consistent with what appears to be an emerging majority of district courts in the Ninth Circuit to consider this issue, the Court finds Plaintiff's allegation that he was "shorted" at least thirteen days of his three-year-long warranty sufficient to support his assertion that he suffered an injury in fact.  For this reason, the Cour **DENIES** Bissell's motion to dismiss.

### B.  Factual Challenge

Next, Bissell factually challenges the Court's subject matter jurisdiction.  According to Bissell, Plaintiff is receiving the full value of the Vacuum's three-year warranty because Bissell's warranties run from the date of delivery and not the date of purchase.  ECF No. 15

25-cv-1390-BJC-JLB

at 12.  In support of its motion, Bissell submits a declaration from Razi Sharbaan II, who is employed as a "Director – Consumer Care" for Bissell.  ECF No. 15-1 ("Sharbaan Decl.") ¶ 1.  According to Sharbaan, Bissell uses a proprietary warranty calculator that generates a coverage period equal to six months longer than the product's warranty beginning from the manufacture date.  *Id.* ¶¶ 5–7.  According to Sharbaan, "[t]his period has been determined to exceed the expected time between a product's manufacture date and date of delivery."  *Id.* ¶ 6.  If, however, a claim is being made outside of that window, Bissell's customer service agents request proof of purchase or receipt to determine the delivery date, establishing the actual warranty period.  *Id.* ¶ 8.  Thus, according to Bissell, since at least as early as January 1, 2024, its policy provides that warranties run from date of delivery, not date of purchase.  *Id.* ¶¶ 9–10.  Bissell only realized in April 2025 that its website erroneously stated that its warranties ran from date of purchase.  *Id.* ¶ 11.  Bissell corrected this document on its website on or about April 22, 2025.  *Id.*

In opposition, Plaintiff submits a declaration from his attorney attesting to the fact that on an undisclosed date, he visited Bissell's website, and the language regarding the limited warranty read that it spans "3 years from the date of purchase[.]"  ECF No. 16-1 ("Gil Decl.") ¶ 3.  He then explains that in January 2025, he viewed an archived copy of Bissell's website as available on March 3, 2025—a date some eight months after Plaintiff purchased the Vacuum—which reads the same.  *Id.* ¶ 4.  He further submits a screenshot of the website page, which confirms his account.  *Id.* Ex. A.

It is Plaintiff's burden to demonstrate that the Court has subject matter jurisdiction to hear this action.  *See Kokkonen*, 511 U.S. at 377.  Where the party bringing a factual challenge has presented affidavits or other evidence properly brought before the court, the party opposing the motion must furnish affidavits or other evidence necessary to satisfy its burden of establishing subject matter jurisdiction.  *Savage v. Glendale Union High Sch.*, 343 F.3d 1036, 1039 n.2 (9th Cir. 2003) (citing *St. Clair v. City of Chico*, 880 F.2d 199, 201 (9th Cir. 1989)).  Here, Bissell has put forth evidence tending to show that its warranties run from date of delivery, not from the date of purchase.  *See* Sharbaan Decl.

25-cv-1390-BJC-JLB

In opposition, Plaintiff has come forward with the Gil Declaration. But this declaration does not undermine or otherwise dispute Bissell's evidence that it calculates a warranty's coverage period as either: the warranty period plus six months beginning on the date of manufacture or the warranty period from the date of delivery, whichever is later. Under either scenario, Plaintiff received at least a three-year warranty from the date of the Vacuum's delivery. Thus, is it not genuinely disputed on this record that Plaintiff has received at least the period of coverage that he is entitled to under Bissell's limited warranty and California law.

Plaintiff does not meaningfully argue otherwise. Contrary to Plaintiff's contention, ECF No. 16 at 17, Sharbaan states that Bissell proof of purchase may be requested "in order to determine the actual date of delivery, which establishes the start of the warranty period." Sharbaan Decl. ¶ 8. Plaintiff states without support that "common sense" dictates that "[o]ne cannot determine the date of actual delivery [ ] from a receipt." ECF No. 16 at 17. However, Bissell has put forth evidence that it can. Sharbaan Decl. ¶ 8.

Plaintiff also argues that his interactions with Bissell customer service support his position. In support of its motion to dismiss, Sharbaan notes that in July 2025, Plaintiff contacted Bissell customer service regarding a suction issue, at which time he provided the "automated chat bot" his Vacuum's serial number and model number. Sharbaan Decl. ¶ 12. A customer service agent then reviewed the matter and determined Plaintiff's Vacuum was still under warranty. Id. ¶ 13. Although the agent asked for the retailer and date of purchase in the interaction, no warranty claim was made because the agent was able to assist Plaintiff in resolving the issue, and there was no discussion of warranty coverage. Id. ¶¶ 13–14. According to Plaintiff, "the only logical explanation for Bissell's agent requesting Plaintiff's purchase date is that Bissell does in fact use the date of purchase to log warranty start dates." ECF No. 16 at 19. However, in July 2025, Plaintiff was only one year into his three-year warranty, a fact that was readily apparent using the Vacuum's model number and serial number. Sharbaan Decl. ¶ 5. In other words, at the time Plaintiff contacted Bissell customer service, his Vacuum was covered by the warranty based solely

25-cv-1390-BJC-JLB

on its manufacture date regardless of whether the warranty began to run from July 13, 2024 or some thirteen days after.  For this reason, any dispute as to why the customer service agent asked for this information is not material.

At bottom, Plaintiff's claims here rest on the core allegation that Bissell's warranties improperly run from date of purchase rather than delivery, thus shorting customers the difference between these dates.  In moving to dismiss, Bissell has put forth evidence that its warranties do in fact run from date of delivery and that this practice has been in place since before Plaintiff purchased the Vacuum.  Sharbaan Decl. ¶¶ 5–10.  Plaintiff sets forth no evidence in opposition tending to show otherwise.  At most, Plaintiff has demonstrated that Bissell's website erroneously stated its warranties run from date of purchase not delivery, Gil Decl. ¶¶ 3–6, a fact that Bissell seemingly concedes, Sharbaan Decl. ¶ 11.  But Plaintiff has not pleaded he was injured by any such error.  Consequently, because Bissell has put forth undisputed evidence that the Vacuum's warranty began on the date of delivery and not purchase, the Court finds that Plaintiff has not demonstrated he suffered an injury in fact and therefore **GRANTS** Bissell's motion to dismiss.

### C. Leave to Amend

Courts have broad discretion to grant leave to amend a complaint.  *Nguyen v. Endologix, Inc.*, 962 F.3d 405, 420 (9th Cir. 2020).  Generally speaking, courts "freely give leave [to amend] when justice so requires."  Fed. R. Civ. P. 15(a)(2); *see also Foman v. Davis*, 371 U.S. 178, 182 (1962).  However, a court's discretion includes the right to deny leave to amend where amendment would be futile.  *Lathus v. City of Huntington Beach*, 56 F.4th 1238, 1243 (9th Cir. 2023) (citing *Thinket Ink Info. Res., Inc. v. Sun Microsystems, Inc.*, 368 F.3d 1053, 1061 (9th Cir. 2004)).  Here, because the Court cannot say that amendment would be futile, the Court grants Plaintiff leave to amend to the extent Plaintiff can cure the jurisdictional deficiency identified in this Order.  *See Swartz v. KPMG LLP*, 476 F.3d 756, 761 (9th Cir. 2007) ("Assuming a substantive or jurisdictional defect in the pleadings, dismissal without leave to amend is proper only if it is clear, upon de novo review, that the complaint could not be saved by any amendment."); *see also Glinoga*

25-cv-1390-BJC-JLB

*v. Sullivan Ent. Inc.*, No. 25CV0707-GPC(SBC), 2025 U.S. Dist. LEXIS 214481, at *12 (S.D. Cal. Oct. 30, 2025).

### IV.   CONCLUSION

For the foregoing reasons, Bissell's Motion to Dismiss under Rule 12(b)(1) for lack of subject matter jurisdiction is **GRANTED**.   Should Plaintiff wish to file an amended complaint curing the deficiencies noted in this Order, he must do so **no later than May 29, 2026**.   Bissell may then respond within the time prescribed by Federal Rule of Civil Procedure 15.   Any defendants not named and any claim not realleged in the amended complaint will be considered waived.   *See* Civ.L.R. 15.1; *Hal Roach Studios, Inc. v. Richard Feiner & Co., Inc.*, 896 F.2d 1542, 1546 (9th Cir. 1989) ("[A]n amended pleading supersedes the original."); *Lacey v. Maricopa Cnty.*, 693 F.3d 896, 928 (9th Cir. 2012) (noting that claims dismissed with leave to amend which are not re-alleged in an amended pleading may be "considered waived if not repled").

**IT IS SO ORDERED**.

Dated:  May 4, 2026

Honorable Benjamin J. Cheeks
United States District Judge

25-cv-1390-BJC-JLB